■ In the Matter of the Claim of KARL PFLIEHINGER, Respondent, v. H. C. BOHACK AND CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by carrier and employer from an award of disability compensation. Appellants raise the issues of accident and causal relation. Claimant sustained an accidental injury to his right leg while working for the same employer on May 28, 1945. He was disabled for about eight weeks and compensation was awarded and paid, and the case was closed on May 20, 1946. Claimant went back to work and continued to work although he felt pain in his back and right leg and numbness in his legs. Claimant testified that he sustained a second accident on December 23, 1956, when he slipped on some rubbish on the floor of the employer's warehouse and fell backward on his back and injured his back. He testified that he reported this accident to his foreman. This is disputed. There is medical evidence in the record that claimant had a pre-existing arachnoiditis which was aggravated and activated by the accident of December 23, 1956, causing his disability. Appellants attack claimant's credibility and attack the medical testimony because it is based on the truth of claimant's testimony. They characterize the testimony of one doctor as "unconvincing". However, it is in the record and apparently was convincing to the ·board. Of course the question of claimant's credibility and the determination of disputed questions of fact were exclusively within the province of the board. We may not say as a matter of law that the evidence supporting the award is not substantial. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of SHIRLEY DIAMOND, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board. The Industrial Commissioner, the Referee, and the Appeal Board have all held that claimant was ineligible to receive benefits on the ground that she was unavailable for employment. Claimant's only employment history is that of a stock clerk. After being out of the labor market for 16 years she became employed on a five-day week basis from 9:30 A.M. to 2:00 P.M. at $1.25 per hour. She worked for a year and eight months and was laid off because she refused to work one night a week. The Referee has found that claimant confined her job efforts to stores in her own neighborhood in Brooklyn or to downtown Brooklyn, and insisted on the same hours mentioned above because she is married, has two children and must be ·home before they arrive from school. The Referee has also found that the hours for part-time employment in claimant's occupation are customarily from 12 noon to 5:00 P.M., or from 11:00 A.M. to 4:00 P.M., with one full day or one late night per week, and that "Opportunities for obtaining part time employment during the hours desired by claimant are virtually non-existent." It was further found that "Here, by reason of her restrictions, claimant effectively eliminated herself from the labor market." The evidence sustains such factual findings. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.